Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
mkind@kazlg.com

Sara Khosroabadi, Esq.
NV Bar No. 13703
**HYDE & SWIGART**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
sara@westcoastlitigation.com
*Attorneys for Plaintiff Alan O. Grill*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Alan O. Grill,<br><br>                    Plaintiff,<br>v.<br><br>Credit One Bank, N.A., Texas Financial, LLC *dba* Royal Management, Experian Information Solutions, Inc., and Equifax Information Services, LLC,<br><br>                    Defendants. | Case No: 2:16-cv-02860-JCM-PAL<br><br>**Stipulation for Plaintiff to Amend the Complaint** |

1

**STIPULATION**

2    Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff

3  Alan O. Grill ("Plaintiff") and Defendant Experian Information Solutions, Inc.

4  ("Experian") (jointly as the "Parties"), by and through their respective counsel,

5  hereby submit this stipulation for Plaintiff to file a First Amended Complaint,

6  attached hereto as Exhibit A, pursuant to Local Rule 15-1.

7    WHEREAS, Plaintiff filed his Complaint on December 9, 2016, ECF No. 1;

8    WHEREAS, on January 1, 2017, Experian filed its Answer to the Complaint,

9  ECF No. 6;

10    WHEREAS, the deadline to amend pleadings is on April 11, 2017, ECF No.

11  8, p. 2, ¶ 2.

12    WHEREAS, Defendant Texas Financial, LLC *dba* Royal Management has

13  not appeared in this case.

14    WHEREAS, Plaintiff seeks to amend his Complaint to include the following

15  parties, aliases of Texas Financial, LLC *dba* Royal Management and necessary

16  parties to this case:

17    • R.B.S. Computer, Inc.; and

18    • Royal Management, LLC.

19    WHEREAS, in good faith and in order to avoid unnecessary motion practice,

20  Experian has agreed to allow Plaintiff to amend the Complaint but reserves all

21  rights as to any allegations in the Complaint.

22    WHEREAS, in stipulating to allow Plaintiff to amend the Complaint,

23  Experian does not hereby admit any of the allegations in the Complaint.

24    WHEREAS, the Amended Complaint does not add any new claims or

25  allegations, but only adds aliases of Texas Financial, LLC *dba* Royal Management

26  and removes the party Equifax Information Services, LLC, previously dismissed in

27  this case.

28

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

WHEREAS, the allegations against Experian have not changed such that Plaintiff agrees that Experian's served discovery responses are still applicable, and Plaintiff will not require Experian to respond to a new set of discovery based on the amended complaint.

WHEREAS, Plaintiff will respond to the pending discovery served by Experian without requiring Experian to propound new discovery based on the amended complaint and such responses shall be applicable despite Plaintiff filing an amended complaint.

NOW, THEREFORE, in consideration of the foregoing, and for good cause, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties as follows:

(1) Plaintiff shall file and serve the Amended Complaint attached hereto as Exhibit A promptly after this Court has entered an Order approving this Stipulation.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

(2)   Experian shall file its response to Plaintiff's Amended Complaint within

14 days after being served with the Amended Complaint.

DATED this 11th day of April 2017.


Respectfully Submitted,


**KAZEROUNI LAW GROUP, APC**


By: /s/ Michael Kind_____
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiff*

**MAUPIN NAYLOR BRASTER**


By: /s/  Jennifer L. Braster_____
Jennifer L. Braster, Esq.
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
*Attorneys for Experian Information Solution, Inc.*

IT IS SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE
DATED: April 13, 2017_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on April 11, 2017, the foregoing Stipulation for Plaintiff to Amend the Complaint along with Exhibit A was served via CM/ECF to all parties appearing in this case.

**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind
Michael Kind
7854 W. Sahara Avenue
Las Vegas, NV 89117

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

# EXHIBIT A

Michael Kind, Esq. (SBN: 13903)
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

Sara Khosroabadi, Esq. (SBN 13703)
**HYDE & SWIGART**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
Fax: (619) 297-1022
sara@westcoastlitigation.com

*Attorneys for Plaintiff Alan O. Grill*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Alan O. Grill,<br><br>             Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A., Texas Financial, LLC *dba* Royal Management *dba* R.B.S. Computer, Inc. *dba* Royal Management, LLC and Experian Information Solutions, Inc.,<br><br>             Defendants. | Case No.: 2:16-cv-02860-JCM-PAL<br><br>**AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

## INTRODUCTION

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Report-ing Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.   The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Alan O. Grill ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Credit One Bank, N.A. ("Credit One"), Texas Financial, LLC doing business as Royal Management doing business as R.B.S. Computer, Inc. doing business as Royal Management, LLC ("RBS"), Experian Information Solutions, Inc. ("Experian") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

3. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

///

///

///

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; *Smith v. Community Citibank, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**PARTIES**

7. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Credit One is a corporation doing business in the State of Nevada. Defendant RBS is a corporation doing business in the State of Nevada. Defendant Experian is a corporation doing business in the State of Nevada.

9. Defendants Credit One and RBS are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

10. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f), doing business with its principal place of business in Georgia and Ohio, respectively.

11. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

### GENERAL ALLEGATIONS

12. On or about September 25, 2015, Plaintiff filed for Chapter 7 Bankruptcy, pursuant to 11 U.S.C. § 1301 *et seq.,* in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 15-15515-led (the "Bankruptcy").

13. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

14. None of the Defendants filed any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 et seq.

15. None of the Defendants obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while Plaintiff's Bankruptcy was pending to pursue Plaintiff on any *personal* liability.

16. On December 29, 2015, Plaintiff received a Bankruptcy discharge.

17. Accordingly, the Debts to Defendants were discharged through the Bankruptcy on December 29, 2015.

18. However, Defendants either reported or caused to be reported inaccurate information as discussed herein after Plaintiff's debts were discharged.

19. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendants' pre-bankruptcy contract terms with Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

20.   Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

21.   To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

22.   The Metro 2 Format guidelines for credit reporting are nearly identical for reports made during the "Months Between Petition Filed and BK Resolution" and after "Plan Completed" for Chapter 13 Debtors and furnishers who choose to report post-bankruptcy credit information to CRAs.   *See* CDIA Credit Reporting Resource Guide, page 6-20, 21.

23.   Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding. *Id*.

24.   The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id*.

25.   Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id*.

26.   Courts rely on such guidance to determine furnisher liability.  *See*, *e.g.*, *In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due").

27.   Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed Bankruptcy, as further set forth below. To this end, the adverse reporting on Plaintiff's report departs from the credit

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

### — THE EXPERIAN CREDIT REPORT —

#### CREDIT ONE MISREPORTED CREDIT INFORMATION

#### RE: ACCOUNT NO. 4447*

28. On or about September 1, 2016, Plaintiff disputed Credit One's inaccurate reporting, including an inaccurate "high balance" pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Credit One.

29. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed on 9/25/15 and discharged 12/29/2015, bearing docket No. 15-15515-led in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current." Specifically, you show this account with a "high balance as $662 when it should not be more than $300.

30. The letter further requested:

> Immediately delete this account and the disputed derogatory information from my credit report.

> The discharged debt should be reported with an account balance of $0 with a status of "current."

> Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 9/25/2015, since a default on this account occurred no later than the Bankruptcy filing date.

> Any post-bankruptcy derogatory information should be immediately deleted from my report.

> If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

31. Upon receiving that letter, Experian timely notified Credit One of Plaintiff's dispute, but Experian and Credit One continued reporting inaccurate information.

32. Experian and Credit One were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

33. On or about September 24, 2016, Plaintiff received notification from Experian that Experian and Credit One received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

34. A reasonable investigation by these Defendants would have indicated that Plaintiff's account had not been charged off more than once.

35. Experian and Credit One failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Experian and Credit One continued to report inaccurate derogatory information on Plaintiff's report. Specifically, Experian and Credit One reported that it "charged off" the account on multiple occasions, in May 2013, September 2013, December 2013 and May 2014. This was inaccurate, since Credit One could not have charged off the account more than once.

37. Experian and Credit One, upon receipt of Plaintiff's dispute, failed to conduct an investigation as required by 15 U.SC. § 1681s-2(b)(1)(A).

38. Experian and Credit One failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

39. Due to the failure by Experian and Credit One to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15

U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

40. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Experian and Credit One by communicating Plaintiff's dispute with Experian and Credit One were fruitless.

41. Experian and Credit One willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

42. Also as a result of the continued inaccurate and negative reporting by Experian and Credit One, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

43. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Experian and Credit One failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### RBS MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO. Y32X*

44. On or about September 1, 2016, Plaintiff disputed RBS's inaccurate reporting, including a multiple inaccurate "charge off" notations pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by RBS.

45. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed as follows:

This account was discharged in my Bankruptcy which was filed on 9/25/15 and discharged 12/29/2015, bearing docket No.

15-15515-led in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current." Specifically, you show this account as "charged off" over 9 times when it could only be charged off once (Charge Off as of Jan 2015 to Aug 2015, Mar 2014 to Nov 2014).

46.   The letter further requested:

Immediately delete this account and the disputed derogatory information from my credit report.

The discharged debt should be reported with an account balance of $0 with a status of "current."

Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 9/25/2015, since a default on this account occurred no later than the Bankruptcy filing date.

Any post-bankruptcy derogatory information should be immediately deleted from my report.

If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

47.   Upon receiving that letter, Experian timely notified RBS of Plaintiff's dispute, but Experian and RBS continued reporting inaccurate information.

48.   Experian and RBS were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

49.   On or about September 24, 2016, Plaintiff received notification from Experian that Experian and Credit One received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

50.   A reasonable investigation by these Defendants would have indicated that Plaintiff's account had not been charged off more than once.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

51. Experian and RBS failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

52. Experian and RBS continued to report the inaccurate derogatory information on Plaintiff's report.   Specifically, Experian and RBS re-reported that it "charged off" the account on multiple occasions, from March 2014 through November 2014 and from January 2015 through August 2015.   This was inaccurate, since RBS could not have charged off the account more than once.

53. Experian and RBS, upon receipt of Plaintiff's dispute, failed to conduct an investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A).

54. Experian and RBS failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

55. Due to the failure by Experian and RBS to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

56. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Experian and RBS by communicating Plaintiff's dispute with Experian and RBS were fruitless.

57. Experian and RBS willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.   Plaintiff is, accordingly, eligible for statutory damages.

58. Also as a result of the continued inaccurate and negative reporting by Experian and RBS, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

59. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Experian and RBS failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E)

**EXPERIAN FAILED TO REASONABLY INVESTIGATE PLAINTIFF'S DISPUTE RELATING TO THE CREDIT CONTROL CORPORATION ACCOUNT**

60. On September 1, 2016, Plaintiff disputed Experian's reported information pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of incorrect and inaccurate credit information on a August 17, 2016 Experian credit report.

61. Specifically, Plaintiff sent a letter, certified, to Experian, requesting that inaccurate and incorrect derogatory information reported by Credit Control Corporation be removed from his credit report as follows:

> This account was discharged in my Bankruptcy which was filed on 9/25/15 and discharged 12/29/2015, bearing docket No. 15-15515-led in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current." Specifically, you show this account as in "collections" when it should be discharged in bankruptcy. Additionally, you show this account as "open" when it should be discharged in bankruptcy.
>
> Additionally you show this same account three times.

62. Experian was required to conduct an investigation into the specific disputes pursuant to 15 U.S.C. §1681i.

63. On or about September 24, 2016, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute but that Experian refused to investigate Plaintiff's dispute in connection with Plaintiff's dispute of the Credit Control Corporation account.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

64. Specifically, Experian responded to several other disputed items that were "updated," "processed" and "deleted." However, Experian completely failed to address Plaintiff's dispute in related to Credit Control Corporation.

65. Experian thus failed to investigate, update or correct the Credit Control Corporation account that was reported as "open" and in "collections," which was inaccurate because the debt was discharged in bankruptcy.

66. A reasonable investigation by Experian would have indicated that Plaintiff sent the dispute letter and that Plaintiff's had disputed inaccurate information on his credit report.

67. Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

68. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

69. Due to Experian's failure to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

70. Experian's continued inaccurate and negative reporting of the debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

71. Also as a result of Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

72. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Experian failed to take the

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

1    appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and

2    (E).

3                          **FIRST CAUSE OF ACTION**

4            **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

5                      **15 U.S.C. § 1681, *ET SEQ.***

6    73.   Plaintiff incorporates by reference all of the above paragraphs of this

7          Complaint as though fully stated herein.

8    74.   The foregoing acts and omissions constitute numerous and multiple willful,

9          reckless or negligent violations of the FCRA, including but not limited to

10         each and every one of the above-cited provisions of the FCRA, 15 U.S.C §

11         1681, *et Seq.*.

12   75.   As a result of each and every willful violation of the FCRA, Plaintiff is

13         entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

14         1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive

15         damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

16         reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from

17         Defendants.

18   76.   As a result of each and every negligent noncompliance of the FCRA, Plaintiff

19         is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

20         1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

21         1681o(a)(2) from Defendants.

22                          **PRAYER FOR RELIEF**

23         Plaintiff respectfully requests the Court grant Plaintiff the following relief

24   against Defendants:

25         • An award of actual damages pursuant to 15 U.S.C. § 1681n(a)

26           (1);

27         • An award of statutory damages pursuant to 15 U.S.C. §

28           1681n(a)(1);

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this ___ day of April 2017.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117